# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

Amy Nestberg,

        Plaintiff,

        v.

                                 **COMPLAINT AND JURY DEMAND**

                         Civil File No._____

Bluestem Brands, Inc.

        Defendant.

---

Now comes Plaintiff, Amy Nestberg, as and for her claim for relief against, Defendant Bluestem Brands, Inc. above named, states and alleges as follows:

1.      Plaintiff is a resident of Minnesota.  Plaintiff worked for Defendant for eight years in different positions, most recently as a Media Specialist.  Defendant terminated her employment on May 23, 2016.   Plaintiff worked at Defendant's Eden Prairie, MN location.

2.      Defendant terminated Plaintiff within three weeks of returning to work full-time from a FMLA leave and after Plaintiff further disclosed information about her disabilities and their impact on her health to Defendant such that Defendant knew or should have known that Plaintiff needed reasonable accommodation.

1

3.    This cause of action is brought under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et. seq. for retaliation and interference; and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.01 et. seq. for disability discrimination (including failure to accommodate), and retaliation.

4.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

5.    During the entire period of Plaintiff's employment, Defendant has been an employer within the meaning of the FMLA and MHRA.

6.    Defendant is a foreign corporation registered and in good standing with the Minnesota Secretary of State.  Defendant has a principal place of business in Eden Prairie, Minnesota.

7.    On or about February 22, 2017, Plaintiff filed a Charge of Discrimination, MDHR No. 67431, incorporated herein by reference, alleging continuing unlawful discrimination with the Minnesota Department of Human Rights.

8.    Plaintiff was well qualified for her positions and performed well.   Defendant rated Plaintiff's performance positively on the annual performance reviews it gave

to Plaintiff before Plaintiff disclosed her disabilities, her need for FMLA leave, and need for reasonable accommodation.

9.      Plaintiff is disabled and/or perceived disabled. Plaintiff has Meniere's disease and depression and anxiety. Plaintiff's disabilities substantially limit major life activities.

10.      Plaintiff has a record of a disabilities. Plaintiff has been diagnosed with Meniere's disease and depression and anxiety.

11.      Defendant regarded Plaintiff as disabled based on its actions, including but not limited to, terminating her employment.

12.      Despite Plaintiff's class and qualifications, Defendant treated her adversely during her employment, including but not limited to, terms and conditions of employment and termination.

13.      Plaintiff was able to perform the essential functions of her job with or without an accommodation.

14.      On or about July 2014 and continuing throughout her employment, Plaintiff began experiencing serious health issues including but not limited to, dizziness, imbalance, full spinning vertigo, ear pain and fullness, tinnitus, hearing loss, nausea and

vomiting, and depression and anxiety. Plaintiff had numerous doctor's appointments, underwent a brain scan, underwent testing at the Mayo Clinic, and was placed on various medications. On or about March 2016, doctors diagnosed Plaintiff with Meniere's disease. Plaintiff was also previously diagnosed with depression and anxiety.

15.    Plaintiff also has a family member with a disability.

16.    Defendant knew of Plaintiff's health issues and the health issues of Plaintiff's family member because Plaintiff told them. Plaintiff took PTO and intermittent FMLA leave time to care for herself and her family member.

17.    Plaintiff often worked nights and weekends to complete work projects.

18.    Plaintiff engaged in protected conduct when she took leave time under the FMLA.

19.    Plaintiff took intermittent FMLA leave from on or about May 11, 2015 through November 10, 2015.

20.    Plaintiff took full-time FMLA leave from on or about March 4, 2016 until May 2, 2016. Plaintiff returned to work on May 2, 2016.

21.    Defendant interfered with Plaintiff's right to take FMLA leave.

22.    Defendant retaliated against Plaintiff for taking FMLA leave.

23.    Plaintiff continued to suffer from flare ups from her disability even after she returned to work from FMLA leave on May 2, 2016.  Plaintiff requested intermittent FMLA leave time after returning to work on May 2, 2016.

24.    When Plaintiff returned to work in May 2016 following her FMLA leave, Plaintiff engaged in protected conduct when she disclosed to Defendant further information about her disabilities and their continued impact on her health. Plaintiff's disclosures were such that Defendant knew or should have known that Plaintiff needed reasonable accommodation.

25.    Despite knowing of Plaintiff's disabilities and continued complications with her disabilities, Defendant did not engage in an interactive process with Plaintiff to determine if a reasonable accommodation, including but not limited to, additional leave time, would be possible.  Instead, Human Resources informed Plaintiff that any absences going forward would be unapproved and subject to disciplinary action.

26.    Specific incidents of Defendant's retaliation under the FMLA and disability discrimination and retaliation include, but are not limited to, those outlined below in Paragraphs 26(a) through 26(d):

a.  Unfairly criticizing Plaintiff's job performance;

b.  Giving Plaintiff "needs improvement" on a performance appraisal the day she returned to work from FMLA leave;

c.  Failing to engage in the interactive process and failing to provide reasonable accommodation; and

d.  Terminating Plaintiff's employment on May 23, 2016.

27.  As a result of Defendant's adverse treatment, Plaintiff has suffered damages, including but not limited to financial damages, lost benefits and emotional distress damages.

## COUNT I

### (Violation of the FMLA: Retaliation – 29 U.S.C. §2601 *et. seq.*)

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 27 set forth above.

28.  Defendant's treatment of Plaintiff, including but not limited to the retaliatory and discriminatory treatment previously outlined in this complaint, is in violation of the Family and Medical Leave Act (FMLA).

29.  Defendant violated the FMLA by treating Plaintiff adversely in the terms and conditions of her employment and termination.

30.   As a result of Defendant's adverse employment decisions, Plaintiff suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering, financial losses and lost benefits.

WHEREFORE, Plaintiff prays for judgment against Defendant for its discrimination against Plaintiff as follows:

a.   That the Court assume jurisdiction over this cause of action;

b.   That the Court grants Plaintiff a jury trial.

c.   That the Court order Defendant to pay Plaintiff all back pay, front pay, and lost benefits with interest at the highest legal rate;

d.   That the Court award Plaintiff damages as set forth under the FMLA;

e.   That the Court award Plaintiff liquidated damages in accordance with the FMLA.

f.   That the Court order Defendant to pay Plaintiff's reasonable attorney's fees;

g.   That the Court order Defendant to pay costs and expenses of this action; and

h.    That the Court grants Plaintiff such further relief as appears appropriate and just under the circumstances.

## COUNT II

### (Violation of the FMLA: Interference – 29 U.S.C. §2601 *et. seq.*)

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 30 set forth above.

31.    Defendant's treatment of Plaintiff, including but not limited to its interference with Plaintiff's right to take FMLA leave previously outlined in this complaint, is in violation of the Family and Medical Leave Act (FMLA).

32.    Defendant violated the FMLA by treating Plaintiff adversely in the terms and conditions of her employment and termination.

33.    As a result of Defendant's adverse employment decisions, Plaintiff suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering, financial losses and lost benefits.

WHEREFORE, Plaintiff prays for judgment against Defendant for its discrimination against Plaintiff as follows:

a.    That the Court assume jurisdiction over this cause of action;

8

b.   That the Court grants Plaintiff a jury trial.

c.   That the Court order Defendant to pay Plaintiff all back pay, front pay, and lost benefits with interest at the highest legal rate;

d.   That the Court award Plaintiff damages as set forth under the FMLA;

e.   That the Court award Plaintiff liquidated damages in accordance with the FMLA.

f.   That the Court order Defendant to pay Plaintiff's reasonable attorney's fees;

g.   That the Court order Defendant to pay costs and expenses of this action; and

h.   That the Court grants Plaintiff such further relief as appears appropriate and just under the circumstances.

## COUNT III

### (MHRA:  Disability Discrimination and Failure to Accommodate - Minn. Stat. §363A.01 *et. seq.*)

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 33 set forth above.

34.    That Defendant's treatment of Plaintiff, including but not limited to the different treatment previously outlined in this complaint and Defendant's failure to accommodate Plaintiff's disabilities, is in violation of the Minnesota Human Rights Act.

35.    Defendant violated the MHRA by treating Plaintiff adversely in the terms and conditions of her employment and termination.

36.    That as a result of Defendant's adverse employment decisions, Plaintiff suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering, financial losses and lost benefits.

WHEREFORE, Plaintiff prays for judgment against Defendant for its discrimination against Plaintiff as follows:

a.    That the Court assume jurisdiction over this cause of action;

b.    That the Court grants Plaintiff a jury trial.

c.      That the Court order Defendant to pay Plaintiff all back pay, front pay, and lost benefits with interest at the highest legal rate;

d.      That the Court order Defendant to pay punitive damages as set forth under the Minnesota Human Rights Act;

e.      That the Court order Defendant to pay Plaintiff's reasonable attorney's fees;

f.      That the Court order Defendant to pay costs and expenses of this action; and

g.      That the Court grants Plaintiff such further relief as appears appropriate and just under the circumstances.

## COUNT IV

### (Minnesota Human Rights Act:  Retaliation - Minn. Stat. §363A.15 *et. seq.*)

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 36 set forth above.

37.      That Defendant's treatment of Plaintiff as outlined previously in this complaint, including, but not limited to, Plaintiff's conditions of employment and termination of her employment, is in violation of the Minnesota Human Rights Act.

38.     That as a result of Defendant's adverse employment decisions, Plaintiff suffered damages including, but not limited to, emotional distress, mental and physical anguish, pain and suffering and lost wages.

WHEREFORE, Plaintiff prays for judgment against Defendant for its discrimination against Plaintiff as follows:

a.     That the Court assume jurisdiction over this cause of action;

b.     That the Court grants Plaintiff a jury trial.

c.     That the Court order Defendant to pay Plaintiff all back pay, front pay, and lost benefits with interest at the highest legal rate;

d.     That the Court order Defendant to pay punitive damages as set forth under the Minnesota Human Rights Act;

e.     That the Court order Defendant to pay Plaintiff's reasonable attorney's fees;

f.     That the Court order Defendant to pay costs and expenses of this action; and

g.    That the Court grants Plaintiff such further relief as appears appropriate

and just under the circumstances.


Dated: _____5/18/18_____                    _____
                                            Beth E. Bertelson (#186806)
                                            Andrea R. Ostapowich (#320006)
                                            *Attorneys for Plaintiff*
                                            BERTELSON LAW OFFICES, P.A.
                                            333 Washington Ave. North
                                            Union Plaza, Suite 402
                                            Minneapolis, MN 55401
                                            (612) 278-9832